No. 36,567

RALPH W. FLEEMAN, *Petitioner,* v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(169 P. 2d 620)

Opinion filed June 8, 1946.

*Raymond Briman,* of Topeka, argued the cause for the petitioner.

*Leon W. Lundblade,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, was on the briefs for the respondent.

The opinion of the court was delivered by

HARVEY, C. J.: This is an original proceedings in habeas corpus. Petitioner is an inmate of our state penitentiary. The facts disclosed by the record before us may be stated briefly as follows: On October 18, 1934, the petitioner, Ralph W. Fleeman, and two companions, starting from near Kansas City in a car they had stolen, drove to Hutchinson and robbed two stores. The next day they were at Eureka, where they robbed one store, and drove to Hot Springs, Ark. Leaving there on the evening of October 23, with a woman companion, they drove to Wichita, and the next day, by the display of firearms, robbed three persons of $110.29. Later, on October 24, they were attempting to break into a mercantile store in Wichita for the purpose of robbing it when they were accosted by the police and engaged in a gun battle with them. The result was that Fleeman (and others) were captured and taken into custody. On November 22, 1934, the county attorney filed informations in the district court in two criminal actions against Fleeman (and others). One of these informations charged robbery in the first degree (G. S. 1935, 21-527), and the other charged assault upon the police officers with deadly weapons and with intent to kill (G. S. 1935, 21-431). These criminal actions were distributed, one of them to division 1 and the other to division 2 of the district court of Sedgwick county. On January 15, 1935, the criminal action in division 1

regularly came on for arraignment and assignment. The state appeared by the county attorney and his deputy and the defendant appeared in person and by his attorney. Fleeman was duly arraigned and entered a plea of guilty, and upon a showing that he had previously been convicted of a felony on three different occasions and had served time in both the Kansas penitentiary and a federal penitentiary, he was sentenced to life imprisonment. On the same day the criminal action in division 2 regularly came on for arraignment and assignment, the state appearing by the county attorney and his deputy, the defendant appearing in person and by his attorney. Defendant was duly arraigned and entered a plea of guilty, and upon a showing of his previous conviction of a felony he was sentened to life imprisonment, these sentences in the two actions to run concurrently. On January 18 a formal commitment was issued in each of the criminal actions directing the sheriff to convey defendant to the state penitentiary, where he was duly received. On June 27, 1942, Ralph W. Fleeman filed an original habeas corpus proceedings in this court in which he named as grounds for his discharge several alleged irregularities in the proceedings in the district court, complained that there was collusion between his attorney and the attorneys for the state to prevent his appealing to this court, and that they, the court officials and the judges of the district court, had rushed him off to the penitentiary without his having an opportunity to appeal his cases to this court. This court appointed a capable, reputable attorney for the petitioner, and many affidavits, copies of court files and briefs were presented to the court. At an appropriate stage of the proceedings the court made an order tantamount to an opinion in which each of the grounds for discharge was stated, considered and held to be insufficient, some of them being matters which could not be raised properly in a habeas corpus proceedings, and others were decided against the petitioner on the record and evidence. There were a few general allegations in the petition unsupported by allegations of issuable facts, and as to those the court authorized the petitioner to file an amended petition, if he so desired. Instead of doing so he sought relief in the United States supreme court. His petition for certiorari was considered by that court and denied. (319 U. S. 746, 63 S. Ct. 1032.) There is no controversy here about any of the above facts. They are stated simply as a historical background for the present proceedings.

The petition in the present proceedings was filed December 18,

1945. The sole ground alleged therein for his discharge was that on February 15, 1935, Lacey M. Simpson, the then warden of the state penitentiary, by an official order, denied petitioner "his constitutional right to a timely appeal from the district court of Sedgwick county, Kansas, to the supreme court of the state of Kansas, 'this is not a *mear* statement' but is a recorded fact, and your petitioner is prepared to prove same as said, by a certificate, or a deposition certified by Lacy M. Simpson." The court appointed another capable, reputable attorney to represent the petitioner. He consulted with petitioner and learned that he claimed Warden Simpson had testified as alleged in his petition in the hearing of the case of *Cochran v. Amrine,* 155 Kan. 777, 130 P. 2d 605. The testimony in that case had been taken and transcribed by a certified shorthand reporter and was on file in our clerk's office. This was made available to the petitioner's counsel, who examined it, together with the petitioner, and found no such testimony. Indeed, the testimony of Warden Simpson was directly to the contrary. Excerpts from his testimony were printed in the opinion in the Cochran case, *supra,* at pages 788, 789.

On April 25, 1946, the petitioner filed an affidavit in this cause in which he abandoned the allegations of his petition to the effect that the warden's denial of his right to mail a letter to the clerk of the district court of Sedgwick county as a notice of appeal in his cases was "a recorded fact" which petitioner was prepared to prove "by a certificate, or a deposition certified by Lacy M. Simpson," and in lieu thereof stated in his affidavit that on or about February 15, 1935, he prepared a letter to the clerk of the district court of Sedgwick county, intended as a notice of appeal in his two cases to the supreme court of the state; that he enclosed that letter in an envelope and left it in the captain's office at the penitentiary; that shortly thereafter the letter he had written the clerk of the district court, together with the original envelope, was returned to him through regular channels, and "that written on said envelope was a note stating in substance that the penitentiary regulations did not permit inmates of the penitentiary to send out such notices, that such notices had to be handled by attorneys. That said notation was signed by the then warden of the said penitentiary, one Lacey M. Simpson"; that sometime later, about March, 1935, the prison officials ordered a "shake down of all inmates" cells, in the course of which those papers were taken from

the petitioner without his consent, for which reason he does not now have them in his possession.

The statements contained in this affidavit are now the sole ground upon which the petitioner seeks his release by habeas corpus, and they are supported by his affidavit alone.

Prior to the filing of this affidavit Lacey M. Simpson had filed an affidavit in this proceeding in which he says that "during the time that he was warden and the petitioner, Ralph Fleeman, was an inmate of the penitentiary, he was given the same rights as any other inmate of the penitentiary and that during said time, he was never denied the right to see his lawyer, to communicate with legal counsel or prevented from sending out letters or correspondence, applications or legal documents by which he could have completed or perfected his appeal. Your affiant further denies that he prevented the petitioner from perfecting his appeal in any way." There was also filed herein the affidavit of C. W. Wilson which recites that he was the record clerk of the state penitentiary and as such had in his custody records in regard to inmates of the institution; that he had access to all other records in regard to other inmates which are filed with officials of the penitentiary; that his attention had been called to the allegation of the petition in this case; that from a full examination of all the records of the penitentiary pertaining to petitioner he has been unable to find any record of such an order, or any order of that nature whatsoever; that on the 15th day of February, 1935, the petitioner was not in solitary confinement and had the same privileges as other inmates of the penitentiary, which included the right to send out communications to his lawyer, or to interview his lawyer in the event of a visit by same, and to send all applications or other legal process out of the institution for the purpose of filing same in court, and that from affiant's knowledge no such rights were denied the petitioner, and stated it as his opinion that no such order as set out in the petition herein was made in writing or orally by the warden, Lacey M. Simpson, or by anyone under his command. It is true these affidavits were filed before the last affidavit filed by the petitioner, but if they are true the statements made in the petitioner's affidavit cannot be correct.

Our legal problem here is to weigh the testimony of the petitioner as contained in his later affidavit as against the testimony of the record clerk contained in his affidavit filed herein and the testimony of the former warden, Simpson, in his affidavit filed herein, together

with his testimony given in the case of *Cochran v. Amrine*, supra. In weighing this evidence we feel compelled to give credence to the testimony of the witnesses last mentioned rather than to that of the petitioner. The result is that the petitioner has failed to establish the allegations of his petition or of his affidavit.

The writ prayed for is denied.